```
               IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF OREGON

ARLENE FOSTER,                  )    CV 06-3020-PA
                                )
          Plaintiff,            )    CORRECTED
                                )    OPINION AND ORDER
     v.                         )
                                )
COUNTY OF LAKE and CHUCK PORE,  )
                                )
          Defendants.           )
```

**PANNER, Judge.**

Plaintiff Arlene Foster brings this action against defendants Lake County and Chuck Pore, a Lake County sheriff's deputy. The Complaint contains a federal law claim under 42 U.S.C. § 1983, along with five claims arising under Oregon law. Defendants now move for summary judgment against the state law claims, on the ground the claims were not commenced within the period provided by the applicable statute of limitations. For the reasons that follow, Defendants' motion is granted.

## Background

The Complaint was filed April 5, 2006. It describes events occurring "[o]n or about April 6, 2004." Plaintiff's counsel reportedly mailed a copy of the Complaint to defense counsel

1 - CORRECTED OPINION AND ORDER

shortly after the case was filed.[1]  However, defense counsel did not then execute a waiver of service, and Plaintiff's counsel neglected to follow up.[2]

On August 17, 2006, Plaintiff moved to extend the time allowed for service under Fed. R. Civ. P. 4(m).  On August 24, 2006, Magistrate Judge Cooney granted a 30-day extension.  On August 31, 2006, defense counsel signed a waiver of service.  The waiver form provides, in relevant part, that:

> I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

On September 8, 2006, Defendants filed an answer.  Among the affirmative defenses asserted in that Answer is the contention that the state law claims were not commenced within the two-year statute of limitations in ORS 30.275(9).  Defendants then moved for summary judgment.

/ / / /

---

[1] Plaintiff has not attributed any significance to counsel's receipt of this mailing.  Cf. Fed. R. Civ. P. 4 Advisory Committee Notes to 1993 Amendments ("The revised rule is clear that, if the waiver is not returned and filed, the limitations period under such a law is not tolled and the action will not otherwise proceed until formal service of process is effected.") See also Cambridge Holdings Group, Inc. v. Federal Ins. Co., ___ F.3d ___, 2007 WL 1745315 *5-6 (D.C. Cir. 2007) ("if the defendant does not waive, the rule does not suggest that service is nonetheless effective"); Larsen v. Mayo Medical Center, 218 F.3d 863, 867-68 (8th Cir. 2000) ("if the defendant does not waive service, service has not been effected").

[2] This is not the first time Plaintiff's counsel has neglected to effect service in a timely manner.  See, e.g., Hua v. Doe, Civil No. 06-3031-PA (D. Oregon).

2 - CORRECTED OPINION AND ORDER

**Discussion**

The applicable limitations period, for the state law claims, is two years. ORS 30.275(9).[3] An action asserting these claims had to be "commenced" within two years from the date the claims accrued. On the face of the complaint, the claims appear to have accrued on or about April 6, 2004. Plaintiff has not argued that the claim accrued at some later date, or that the limitations period was tolled for any reason.

The critical question, then, is when this action "commenced." Under Fed. R. Civ. P. 3, a "civil action is commenced by filing a complaint with the court." With respect to Plaintiff's federal law claim, the action commenced on April 6, 2004--regardless of the date the Complaint was served, or service was waived. Therefore, Plaintiff's § 1983 claim was commenced within two years from April 6, 2004, and is timely.

The state law claims are another matter. As every law student learns, the Erie doctrine sometimes requires a federal court to apply state law. Under Oregon law, an action is not "commenced" for statute of limitation purposes until "the complaint is filed, and the summons served on the defendant . . . ." ORS 12.020(1) (emphasis added). Oregon law does provide a 60 day grace period. So long as service is completed within 60 days

---

   3   The limitation period for Plaintiff's trespass claim might appear to be six years. See ORS 12.080(3). However, the state law claims against defendant Pore all concern conduct within the scope of Pore's employment. Those claims may be maintained, if at all, only as claims against the County under the Oregon Tort Claims Act, hence the two year limitations period in ORS 30.275(9) applies.

3 - CORRECTED OPINION AND ORDER

after the date on which the complaint was filed, the action is "deemed to have been commenced upon the date on which the complaint in the action was filed." ORS 12.020(2). Had Plaintiff completed service upon Defendants within 60 days from when the Complaint was filed, she would be entitled to the benefits of ORS 12.020(2), and her state law claims would have been timely.

Unfortunately, Plaintiff neglected to complete service until more than 60 days had elapsed. Under Oregon law, that delay was fatal to Plaintiff's state law claims. Plaintiff advances three arguments in opposition to the motion. None is persuasive.

**Effect of the Waiver Form**

Plaintiff first argues that the waiver of service effectively disclaims any defense premised upon the untimeliness of service. Plaintiff is mistaken. The waiver form preserves all defenses except defects in the form of the summons or the manner in which it was served. Neither is at issue here. A waiver of service simply spares the Plaintiff the trouble, and expense, of arranging for a process server to serve the summons and complaint in the traditional manner. It does not waive an otherwise valid statute of limitations defense, or revive an otherwise time-barred claim. For purposes of ORS 12.020(2), service was completed no earlier than August 31, 2006, the day

/ / / /

/ / / /

/ / / /

the waiver was signed, and possibly much later than that.[4]  Even the earlier date was several months too late.

**Whether ORS 12.020 Applies to the State Law Claims**

Plaintiff argues that because this action was filed in federal court, Fed. R. Civ. P. 3, and not ORS 12.020, determines when the action commenced.  Plaintiff's argument is foreclosed by Ragan v. Merchants Transfer & Warehouse, 337 U.S. 530 (1949).  See also Pelster v. Walker, 185 F. Supp. 2d 1174, 1177-80 (D. Or. 2001); Card v. Pipes, 398 F. Supp. 2d 1126, 1133-34 (D. Or. 2004); Burroughs v. Shinn, 2006 WL 305910 (D. Or. 2006); Larsen, 218 F.3d at 868.

Plaintiff's reliance on Sain v. City of Bend, 309 F.3d 1134, 1137 (9th Cir. 2002), is misplaced.  Sain concerned a § 1983 claim, which arises under federal law even though the duration of the limitations period is borrowed from state law.

Until recently, there was some question whether ORS 12.020 applied to an action governed by ORS 30.275(9), and the implications if it did not.  See O'Brien v. State of Oregon, 104

---

4  To this day, Plaintiff has still not filed the waiver signed by defense counsel. Fed. R. Civ. P. 3(d)(4) provides that "[w]hen the plaintiff files a waiver of service with the court, the action shall proceed . . . as if a summons and complaint had been served ***at the time of filing the waiver*** . . . ." (emphasis added).  See also Fed. R. Civ. P. 4 Advisory Committee Notes to 1993 Amendments ("Paragraph (4) clarifies the effective date of service when service is waived; the provision is needed to resolve an issue arising when applicable law requires service of process to toll the statute of limitations.")  But cf. Weathers v. Lanier, 2006 WL 3709560 (N.D. Ga. 2006) (rejecting the advisory committee interpretation, and holding that service was effective when the defendant signed the waiver of service).

5 - CORRECTED OPINION AND ORDER

Or. App. 1, 5 (1990) (holding that ORS 12.020 was not applicable, and that there was no 60-day grace period to complete service), *rev. dismissed*, 312 Or. 672 (1992).  Those questions were recently resolved when the Oregon Supreme Court held that ORS 12.020 does apply to actions governed by ORS 30.275(9).  <u>Baker v. City of Lakeside</u>, ___ Or. ___, 2007 WL 1844139 (June 28, 2007).

### **Effect of Enlarging the Time Period Under Fed. R. Civ. P. 4(m)**

Plaintiff also relies upon Magistrate Judge Cooney's order extending the 120 day period for completing service, under Fed. R. Civ. P. 4(m).  That extension kept this action from being dismissed outright for failure to effect service within the time established by Rule 4(m).  The order did not purport to toll the deadline for completing service under ORS 12.020 (assuming, *arguendo*, a federal judge would even have authority to do so).  Rule 4(m) simply "does not address how or when a lawsuit is properly commenced" for purposes of the statute of limitations.  <u>Larsen</u>, 218 F.3d at 868.

Application of ORS 12.020, rather than Fed. R. Civ. P. 3, to state law claims filed in federal court creates a malpractice trap for unwary lawyers.  Regrettably, Plaintiff's counsel has fallen into that trap.  There is little to be done here except to notify the Professional Liability Fund.  Plaintiff may, of course, proceed with her federal law claim.

/ / / /

/ / / /

6 - CORRECTED OPINION AND ORDER

## Conclusion

Defendants' Motion (# 31) for Partial Summary Judgment is granted. The five state law claims are dismissed as time-barred.

IT IS SO ORDERED.

DATED this 24th day of July, 2007.

/s/ Owen M. Panner

_____
OWEN M. PANNER
UNITED  STATES DISTRICT JUDGE

7 - CORRECTED OPINION AND ORDER